IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD OTTO HANSEN, | )<br>) |
| Petitioner, | )     4:05cv3176<br>) |
| vs. | )     ORDER on INITIAL REVIEW<br>)     and |
| KENNETH VAMPOLA, et al., | )     ORDER to SHOW CAUSE<br>) |
| Respondents | ) |

Richard Otto Hansen filed a habeas corpus petition pursuant to 28 U.S.C. § 2254,[1] combined in the same document with a civil rights complaint pursuant to 42 U.S.C. § 1983 (filing no. 1), together with one Motion for Leave to Proceed In Forma Pauperis ("IFP"). Because a § 2254 petition may not be combined with a civil rights complaint in the same case, and certainly not in the same document, the Clerk of Court opened the above-entitled case as a habeas corpus proceeding.[2]

---

[1] In filing no. 1, Mr. Hansen also refers to 28 U.S.C. § 2241. However, the Eighth Circuit Court of Appeals has ruled that a state prisoner must use 28 U.S.C. § 2254, rather than 28 U.S.C. § 2241 for federal habeas purposes. Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003). See also Crouch v. Norris, 251 F.3d 720, 724 (8th Cir. 2001): "Not only is § 2254 an appropriate vehicle for Crouch's proposed claims, it is, as a practical matter, the only vehicle. This is because Crouch is a 'person in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), and can only obtain habeas relief through § 2254, no matter how his pleadings are styled." Thus, this case is properly before the court pursuant to 28 U.S.C. § 2254.

[2] The statute of limitations for a habeas claim is one year, while the statute of limitations in Nebraska state and federal courts for a claim pursuant to 42 U.S.C. § 1983 is four years. Thus, the court sought to avoid jeopardizing the timeliness of the petitioner's habeas claims. Also, the filing fee is $5 for a habeas case and may be waived if a Motion to Proceed In Forma Pauperis ("IFP") is granted. The fee is $250 for a civil complaint, and cannot be waived for a prisoner plaintiff even if a Motion to Proceed IFP is granted. Under the Prison Litigation Reform Act, a prisoner plaintiff in a nonhabeas case must pay the full $250 filing fee, although in installments, even when IFP status is granted.

The petitioner seeks both damages and release from custody. Release is a remedy exclusively available in a habeas proceeding, and is not available in a § 1983 case, while damages may not be obtained in a habeas proceeding. Therefore, the petitioner is free to file a new complaint reasserting his civil rights claims in a new case if he wishes.

28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States." Id. § 2254(a). The petitioner filed his § 2254 petition while a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"). He was eligible for parole and wished to be released on parole from DCS custody so that he could begin serving a federal prison sentence. According to the petitioner, the defendants-members of the Nebraska Board of Parole denied him due process during the petitioner's parole hearing and then refused to grant him parole.

After the petitioner filed this action, however, he notified the court (filing no. 11) that he has recently transferred to the custody of the Federal Bureau of Prisons. Therefore, it appears that the petitioner's request for release on parole from his Nebraska prison sentence has become moot.

Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

Rule 10 of the *2254 Rules,* as amended*,* states: "A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."

IT IS THEREFORE ORDERED:

1.   That the Clerk of Court shall mail copies of the § 2254 petition and this Order to the respondents and to the Nebraska Attorney General by regular first-class mail;

2.   That by October 28, 2005, the petitioner shall file a pleading entitled Response to Order to Show Cause explaining any reason he may have why this case should not be dismissed as moot, now that the petitioner has been released from DCS custody;

3.   That in the absence of a timely and sufficient showing of cause, this case may be subject, without further notice, to dismissal without prejudice by Chief Judge Joseph F. Bataillon; and

      4.    That if the petitioner files a Response to Order to Show Cause, the respondents may file a reply within 30 days thereafter.

      DATED this 3rd day of October, 2005.

                            BY THE COURT:

                            s/ F. A. GOSSETT
                            United States Magistrate Judge