IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD OTTO HANSEN, | ) | |
| Petitioner, | ) | 4:05cv3176 |
| vs. | ) | MEMORANDUM AND ORDER |
| KENNETH VAMPOLA, et al., | ) | |
| Respondents | ) | |

This matter is before the court on filing no. 21, the respondent's Motion to Dismiss the above-entitled action as moot. Richard Otto Hansen filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, while a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), stating that he was eligible for parole and wished to be released on parole from DCS custody so that he could begin serving a federal prison sentence. According to the petitioner, the respondents, members of the Nebraska Board of Parole, deprived him of due process during the petitioner's parole hearing and then wrongfully refused to grant him parole.

After the petitioner filed this action, however, he notified the court (filing no. 11) that he had transferred to the custody of the Federal Bureau of Prisons. Therefore, the court ordered the petitioner to show cause why this case should not be dismissed, as the petitioner's request for release on parole from his Nebraska prison sentence had become moot.

The petitioner responded that this court does not lose jurisdiction of a habeas corpus case just because a habeas petitioner is released from confinement. It is true that ordinarily, if a habeas petitioner is incarcerated when a petition for writ of habeas corpus is filed, release will generally not render the petition moot, Spencer v. Kemna, 523 U.S. 1 (1998). That is because the collateral consequences of the conviction are presumed to continue notwithstanding release from custody. However, in this case, the petitioner did not challenge his original judgment of conviction, just an adverse parole decision. There are no continuing collateral consequences flowing from a decision to deny parole, and no damages can be recovered in a habeas corpus case to remedy even a wrongfully delayed release on parole.

Thus, the petitioner has demonstrated no remaining justiciable claim in this action. The respondent's Motion to Dismiss this action as moot will be granted.

THEREFORE, IT IS ORDERED:

1. That filing no. 21, the respondent's Motion to Dismiss, is granted; and

2. That a separate judgment will be entered accordingly.

DATED this 14th day of November, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge